**Hans–Juergen KAISER, Plaintiff,**

v.

**Herbert M. RUTHERFORD, III, in his capacity as United States Marshal for the District of Columbia, and John Henderson, in his capacity as Administrator of the District of Columbia Detention Center, Defendants.**

**Civ. A. No. 93–1246 (CRR).**

United States District Court, District of Columbia.

Aug. 10, 1993.

Leigh A. Kenny, Assistant Federal Public Defender, with A.J. Kramer, Federal Public Defender, for plaintiff.

Rachel Adelman Pierson, Asst. U.S. Atty., with J. Ramsey Johnson, U.S. Atty., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the Plaintiff's petition for a writ of habeas corpus. The Plaintiff is a citizen of the Federal Republic of Germany who is currently confined in the District of Columbia detention center pending his extradition to Germany for allegedly committing certain crimes. The Plaintiff contends that he cannot be extradited for these offenses and that, therefore, his current confinement is illegal.[1]

The Court held a hearing on this matter on July 14, 1993. After careful consideration of the submissions of the parties, the arguments of counsel, and the applicable law, the Court concludes that extradition of the Plaintiff is proper. Therefore, the Court shall deny the Plaintiff's petition for a writ of habeas corpus.

---

**1.** The parties agree that the United States Marshal is the proper Defendant in an extradition proceeding of this kind. *See* Plaintiff's Supplemental Memorandum, filed July 16, 1993. However, in an abundance of caution, the Plaintiff has requested to join Mr. John Henderson, in his capacity as Administrator of the District of Columbia Detention Center, as a Defendant in this action pursuant to our Circuit's decision in *Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir. 1988) (warden of federal penal facility is a prisoner's custodian within the meaning of the federal habeas corpus statute). As the Government does not object to this request, the Court shall join Mr. Henderson as a Defendant.

## I. BACKGROUND

The Plaintiff was arrested on September 17, 1992, by deputy U.S. Marshals on an arrest warrant issued by the U.S. Attorney's Office based on a request for extradition by the Federal Republic of Germany (FRG). The FRG made its request for extradition pursuant to its Treaty with the United States.[2] The arrest warrant issued by the FRG in this case refers to five offenses in violation of German law: 1) violation of the obligation to keep books according to § 283 of the German Penal code; 2) obtaining credit by false pretenses; 3) and 4) certain bankruptcy violations; and 5) fraud, attempted fraud and falsification of documents.

The Plaintiff objected to his extradition and an extradition hearing was held before Magistrate Judge Attridge. *See Ward v. Rutherford*, 921 F.2d 286 (D.C.Cir.1990), *cert. dismissed*, —— U.S. ——, 111 S.Ct. 2844, 115 L.Ed.2d 1013 (1991) (extradition proceeding can be conducted before a Magistrate Judge). In a 12 page Opinion issued on April 19, 1993, the Magistrate Judge found that the FRG's request for extradition was proper and rejected the Plaintiff's arguments contesting his extradition. *In re Extradition of Hans–Juergen Kaiser*, 91–0702M (D.D.C. April 30, 1993), Exhibit 5 to the Plaintiff's Complaint.

The Plaintiff brings this current action for habeas corpus seeking review of the Magistrate's decision. *In re Mackin*, 668 F.2d 122 (2d Cir.1981) (review of Magistrate extradition decision can be made through habeas corpus petition to district court). The parties agree that there are no factual disputes in this action and that the issues before the Court are solely questions of law. All of the legal arguments the Plaintiff raises in this case were addressed and rejected by Magistrate Judge Attridge. For the reasons stated below, the Court concludes that the Magistrate Attridge's Opinion was correct and amply supported by the law.

## II. ANALYSIS

The Plaintiff makes several arguments in support of habeas corpus claim. He contends that extradition is improper because he has not been formally charged with a criminal offense by the FRG, because one of the offenses is not mentioned in the Treaty, and because the doctrines of dual criminality and specialty bar his extradition. The Court rejects each of these arguments as explained below.

First, the Plaintiff contends he cannot be extradited because he has not yet been formally charged with an offense by the FRG as required by the Treaty. However, no court has ever held that the filing of formal charges is a prerequisite for extradition under the Treaty. In fact, every court that has addressed this issue has concluded that a formal charging document is not required under the Treaty. *Emami v. District Court for the Northern District of California*, 834 F.2d 1444 (9th Cir.1987); *In re Assarsson*, 635 F.2d 1237 (7th Cir.1980), *cert. denied* 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 325 (1981); *In re Assarsson*, 687 F.2d 1157 (8th Cir.1982). The Treaty's requirement that a party be charged with an offense simply requires that a party must be accused of a crime and does not require any particular technical stage of foreign criminal procedure. *Emami*, 834 F.2d 1444. The record in this case contains the warrant that has been issued for the Plaintiff's arrest and a 57 page sworn statement, given by the German prosecutor before a judge in the presence of defense counsel, which details the prosecution's case against Mr. Kaiser; such documents are sufficient to charge Mr. Kaiser for purpose of extradition under the terms of the Treaty. *Id.*

Second, the Plaintiff contends that the doctrine of "dual criminality" and the "rule of specialty" bar his extradition for three of the offenses for which he may be prosecuted in Germany because these offense are not crimes in the United States.[3] More specifi-

---

**2.** Treaty of Extradition, June 20, 1978, United States of America—Federal Republic of Germany, 32 U.S.Y. 1485, T.I.A.S. No. 9785.

**3.** These three offense are infringement of the obligation to keep books according to § 283 of the German Penal code and two bankruptcy violations.

cally, the Plaintiff contends that these two doctrines mandate that extradition is improper unless each charge alleged under German law matches a specific crime under United States' law after a comparison of the elements of each crime.

■ However, the Plaintiff's argument is not supported by law. The doctrine of dual criminality requires that extradition is proper only where the acts complained of constitute a serious offense in both countries. However, the focus is on the acts charged and not the specific legal doctrines of the country requiring extradition. *United States v. Sensi,* 879 F.2d 888 (D.C.Cir.1988); *Collins v. Loisel,* 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956 (1922). Therefore, the German and U.S. charges need not be mirror images of each other. *See Sensi,* 879 F.2d at 894 (it is not necessary that the name or scope of liability of the two crimes be the same). Moreover, the acts that the Plaintiff contends are barred by the doctrine of dual criminality are, in fact, violations of the United States Bankruptcy Code. *See* 18 U.S.C. § 152; *In re Extradition of Hans–Juergen Kaiser,* 91–0702M, slip op. at 11–12 (D.D.C. April 30, 1993), Exhibit 5 to the Plaintiff's Complaint. Thus, the Court concludes that the Plaintiff's extradition is not contrary to the doctrine of dual criminality.

■ Furthermore, the Plaintiff's reliance on the rule of specialty is misplaced because "the rule of specialty is not a right of the accused but is a privilege of the asylum state" and therefore he has no standing to raise this issue. *In re Extradition of Hans–Juergen Kaiser,* 91–0702M, slip op. at 10 (D.D.C. April 30, 1993), Exhibit 5 to the Plaintiff's Complaint (*quoting* 1 M. Basseouni, *International Extradition,* at 369 (2nd rev. ed. 1987)) (*citing Berenguer v. Vance,* 473 F.Supp. 1195, 1197 (D.D.C.1979) (citations omitted)). Even assuming, *ar-*

*guendo,* that the Plaintiff had standing to assert a claim in this regard, the doctrine of specialty simply requires that the prosecution be based on the same facts as set forth in the request for extradition and the charges must be extraditable offenses under the Treaty. *United States v. Sensi,* 879 F.2d 888, 895–96. As the FRG seeks the Plaintiff's extradition for matters clearly set forth in the arrest warrant and other documents tendered to the Court and the alleged conduct violates both German and United States law, the rule of specialty is satisfied.[4]

■ Finally, the Plaintiff contends he cannot be extradited for one of the offense here because it is not specifically listed in the Treaty. However, such an argument is unpersuasive because there is a catch-all provision in the Treaty which provides for extradition for any offense which is not listed in the treaty but is punishable by both the United States and FRG. As the Court has already concluded that the acts alleged here are violation under both German and United States law, the Plaintiff's argument in this regard must also be rejected.[5]

### *ORDER*

Before the Court is the Plaintiff's petition for a writ of habeas corpus, challenging his extradition to the Federal Republic of Germany. After careful consideration of the submissions of the parties, the arguments of counsel, and the applicable law, and for the reasons set forth in the Memorandum Opinion of even date herewith, the Court concludes that extradition of the Plaintiff is proper. Accordingly, it is, by the Court, this 10 day of August, 1993,

ORDERED that, upon the consent of the parties, John Henderson, in his capacity as Administrator of the District of Columbia Detention Center, shall be and hereby is

---

4. Several documents were submitted to the Magistrate in connection with this extradition; the Plaintiff did not contest the authenticity of the documents, the sufficiency of the documents for purposes of establishing probable cause. *In re Extradition of Hans–Juergen Kaiser,* 91–0702M, slip op. at 2 (D.D.C. April 30, 1993), Exhibit 5 to the Plaintiff's Complaint. Based on this evidence, the Magistrate found that probable cause

exists that the Plaintiff committed the five criminal charges. *Id.,* slip op. at 6–7. The Court concurs with that finding.

5. The Treaty permits extradition for any offense "punishable under the Federal laws of the United States and the laws of the Federal Republic of Germany." Treaty, Article 2(b), at 5.

named as a Defendant in this action; and it is

FURTHER ORDERED that the Plaintiff's petition for a writ of habeas corpus shall be, and hereby is DENIED; and it is

FURTHER ORDERED that the above-captioned case shall, and hereby is, dismissed from the dockets of this court.